UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-328-JD-MGG |
| CHARLES BOWEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael A. Sanders filed a complaint (ECF 1) under 42 U.S.C. § 1983 while he was incarcerated. He alleges that he was wrongly charged and convicted with a disciplinary offense that was later dismissed. As a result, he was transferred from the South Bend Re-entry Center to Westville Correctional Facility and lost his job. Although the conviction was dismissed and the sanctions were rescinded, he was not sent back to the re-entry center because the time to his earliest possible release date was too short. As a result, he finished serving his sentence at Westville Correctional Facility. Although Sanders has now paid the filing fee in this case, pursuant to 28 U.S.C. § 1915A, the court must still review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a

motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Sanders has sued three defendants seeking reimbursement of lost wages resulting from the unfounded disciplinary charge that caused him to lose his employment. But, a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Moreover, the law is clear that Sanders does not have a protected liberty interest in a particular security classification. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Sanders does not explain how the change in classification that he experienced posed either an "atypical"

or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Sanders has not stated a due process claim.

Though this complaint does not state a claim, and while it seems unlikely that Sanders will be able to state a claim against any of these defendants based on him being reclassified and losing his job, it is not possible to definitively say that he could not do so. Therefore, he will be permitted time to file an amended complaint if he believes that he can add additional facts that would demonstrate that the change in classification and resulting loss of his prison job posed an atypical or significant hardship on him in relation to the ordinary incidents of prison life. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the reasons set forth above, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Michael A. Sanders;

(2) GRANTS Michael A. Sanders to and including **July 1, 2019**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 30, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT