UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL A. SANDERS,

    Plaintiff,

    v.

CHARLES BOWEN, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-328-JD-MGG

OPINION AND ORDER

Michael A. Sanders was a prisoner when he initiated this lawsuit. Following his release, he filed an amended complaint (ECF 10) under 42 U.S.C. § 1983 alleging that he was wrongly charged and convicted with a disciplinary offense that was later dismissed. As a result, he was transferred from the South Bend Re-entry Center to Westville Correctional Facility and lost his job. Although the conviction was dismissed and the sanctions were rescinded, he was not sent back to the re-entry center because the time to his earliest possible release date was too short. As a result, he finished serving his sentence at Westville Correctional Facility. Although Sanders has now paid the filing fee in this case, pursuant to 28 U.S.C. § 1915A, the court must still review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v.*

*Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Sanders' amended complaint, like his earlier complaint, names three defendants and seeks reimbursement of lost wages resulting from the unfounded disciplinary charge that caused him to lose his employment. As explained previously, a prisoner does not have a liberty or property interest in a prison job, and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Furthermore, Sanders does not have a protected liberty interest in a particular security classification. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992)

("[P]risoners possess neither liberty nor property in their classifications and prison assignments.").

Sanders' earlier complaint did not state a claim because it did not explain how the change in classification that he experienced posed either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Although this court expressed doubt that Sanders could make such a showing, he was granted an opportunity to amend his complaint. In his amended complaint, Sanders explains that the job he held was a community job, not a prison job, and that he received all the benefits of a regular employee. The earnings from this job allowed him to support his family and he was in the process of buying a house prior to losing his job. Before he was terminated, he suffered a work-place injury. Sanders asserts that the conduct report jeopardized his workers compensation claim, but documentation attached to the complaint does not support his assertion. While his claim was denied, it was not denied because he is no longer an employee. His claim was denied because of a determination that additional treatment for his minor injury was unwarranted. Sanders is currently receiving unemployment. The court understands that the conduct report at issue here caused Sanders to lose his employment, jeopardized his ability to support his family, and impacted his ability to proceed with purchasing a home. Those are not insignificant harms. And yet, whether Sanders held a prison job or a community job, to proceed he must demonstrate "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In relation to the ordinary incidents of prison life, the harms Sanders suffered are not either atypical or significant

hardships. Rather, they are hardships that prisoners typically face.  Therefore, Sanders has not stated a claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on July 9, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT